

30-30 Northern Blvd, Suite 401
Long Island City, NY 11101

T: 718.275.6700 • F: 718.275.6704

NILS C. SHILLITO
ASSOCIATE
Tel: 718.275.6700
nshillito@hansassociates.com

December 1, 2021

*VIA ECF*

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
Easter District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:     <u>Saab v. Abba Bar & Grill Corp., et ano.</u>
                <u>Case No. 21-CV-3848 (TAM)</u>

Dear Judge Merkl:

      We represent the plaintiff Karina Saab ("Plaintiff"), in the above-referenced action. We submit this joint letter motion on behalf of Plaintiff and with the consent of defendants Abba Bar & Grill Corp. and Alejandro Mateo (collectively, "Defendants")[1] (Plaintiff and Defendants, collectively, the "Parties") seeking approval of the Parties' negotiated settlement agreement (attached hereto as Exhibit A) ("the Agreement") pursuant to the Second Circuit's decision in <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199, 206 (2d Cir. 2015) as a fair and reasonable resolution of Plaintiff's Fair Labor Standards Act ("FLSA") claims.

      Plaintiff specifically requests that this Court retain jurisdiction over the Parties' settlement for the purposes of enforcement, and that any dismissal with prejudice incorporate specific language that the Court retains jurisdiction over the settlement for purposes of enforcement of the Agreement. "To retain ancillary jurisdiction to enforce a settlement agreement, "a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." <u>Thurston v. FlyFit Holdings, LLC</u>, 2020 US Dist. LEXIS 98523, at *5 (SDNY June 3, 2020). Submitted herewith as Exhibit B is a proposed Order of Voluntary Dismissal with Prejudice which incorporates such proposed language.

---

[1] At Your Honor's instruction, we served a copy of the Court's October 25, 2021 Order upon Defendants' counsel, Sally S. Attia, Esq., and advised counsel to file a notice of appearance prior to the filing of this letter motion. However, to date Defendants' counsel has yet to enter an appearance in this action.

## BACKGROUND

Plaintiff alleges that she was employed at the Defendants' restaurant and bar for various periods of time from approximately April 2016 until July 2020. Plaintiff claims that she was required to work substantial overtime hours for sub-minimum wage rates on a regular basis for which she was not properly compensated pursuant to the FLSA and the New York Labor Law ("NYLL"), in addition to a variety of state law claims for other alleged wage and hour violations. The undersigned calculated Plaintiff's total unpaid wages pursuant to the FLSA and NYLL at $45,051.84, per the damages calculations annexed hereto as Exhibit C.

Defendants dispute the Plaintiff's allegations in this action, and have maintained that the Plaintiff was properly compensated for all hours which she worked for Defendants. Defendants produced nearly 150 pages of employment records covering the Plaintiff's period of employment. The Parties then conducted extensive back-and-forth settlement negotiations through their respective legal counsel, which negotiations ultimately resulted in the settlement now embodied in the Agreement.

## SETTLEMENT

In order to avoid the legal and factual risks of further litigation, the Parties have agreed to a settlement of all of the Plaintiff's claims asserted in the action, including the Plaintiffs' FLSA claims and NYLL claims, for the sum of $40,000.00, inclusive of attorney's fees and costs. Of the total settlement amount, $13,735.33 is payable to Plaintiff's counsel as attorneys' fees and costs (consisting of $13,333.33 in attorneys' fees and $402.00 in costs representing the filing fee for this action), while the remaining $26,264.67 is payable directly to Plaintiff. The settlement is the result of arm's-length negotiation between the Parties, in which both sides were represented by counsel with extensive experience in wage-and-hour litigation. The Agreement reflects a fair and reasonable settlement to compensate Plaintiff for her alleged unpaid FLSA wages and is not the product of overreaching.

In light of the contested factual and legal disputes, Plaintiff believes that the settlement is reasonable because of the risk that she may not prevail on all of her claims, the extended period of time before a trial may commence, and the risk of inability to ultimately collect on any judgment in Plaintiff's favor.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (quoting Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Id. (quoting Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which

'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v Scholastic Inc., 900 F Supp 2d 332, 335 (SDNY 2012) (quoting Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The settlement will enable the parties to avoid anticipated burdens and expenses in establishing respective claims and defenses through further litigation and at trial. This settlement is the result of arm's-length negotiation. Plaintiff was represented by counsel throughout this lawsuit and made an informed decision to settle the action, without incurring the costs or encumbrance of trial. There is no possibility of fraud or collusion as the Parties settled after extensive negotiations through their respective counsel.

Given the Parties' respective positions and arguments, the settlement presents a fair recovery for Plaintiff. Pursuant to the Agreement, Plaintiff will receive $26,264.67 after deduction of Plaintiff's counsel fees and costs from the total settlement amount. This amount represents approximately 58% of Plaintiff's claimed unpaid wages of $45,051.84 under the FLSA and NYLL (see Exhibit C). Given the good faith factual and legal disputes between the Parties, such a recovery is well within the range of reasonableness warranting approval of the Agreement.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Le v. Sita Information Networking Computing USA, Inc., No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also Kopera v. Home Depot U.S.A., Inc., No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

The Agreement also complies with the requirements set forth in Cheeks and prevailing 2nd Circuit case law that has developed since. Specifically, the Agreement includes only a limited release of Plaintiff's wage and hour claims, rather than a broad general release, and does not contain any confidentiality covenants.

In light of the contested factual and legal disputes, Plaintiff believes that the settlement is reasonable and should be approved.

## PLAINTIFF'S ATTORNEYS' FEES ARE FAIR AND REASONABLE

Pursuant to the Agreement, Plaintiff's counsel will receive $13,333.33 in attorneys' fees (and $402.00 in costs), which represents one third (33%) of the total recovery in this settlement. This amount is fair and reasonable and well within the range of fees typically awarded to

attorneys in cases in this Circuit. "Courts in this district typically approve fee requests of one-third of the total settlement amount." Williams v Arqenta Inc., 2018 US Dist. LEXIS 212914, at *6 (SDNY Aug. 10, 2018) (citing Thornhill v. CVS Pharmacy, Inc., No. 13 Civ. 5507, 2014 U.S. Dist. LEXIS 37007, 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 14, 2014) (collecting cases)); see also Himrod v Cygnus Med., LLC, 2020 US Dist. LEXIS 502, at *7 (SDNY Jan. 2, 2020) (citing Meza v. 317 Amsterdam Corp., No. 14 Civ. 9007, 2015 U.S. Dist. LEXIS 166890, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)); See also Antonio Alonso, Plaintiff, v. Le Bilboquet NY, LLC, et al., Defendants., No. 16-CV-8448 (JMF), 2017 WL 445145, at *1 (S.D.N.Y. Feb. 1, 2017) (Granting plaintiff's attorney one-third of the settlement amount wherein "it is consistent with a commonly approved percentage, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and counsel")(internal citations omitted); See Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"); Alvarez v Sterling Portfolio Inv. L.P., 2017 US Dist. LEXIS 206043, at *16 (EDNY Dec. 13, 2017) (one-third attorney fee is typical with no requirement for a lodestar cross check).

Plaintiff's attorneys' lodestar amount totals $14,477.50. Plaintiff's attorneys' billing records are annexed hereto as Exhibit D. While it is submitted that a lodestar cross check is not necessary in order to approve the attorneys' fees sought herein, the $13,333.33 attorneys' fee recovery sought herein is less than the lodestar amount, which is reasonable and consistent with what was agreed upon between the Plaintiff and her counsel in Plaintiff's legal services retainer agreement.

The hourly billing rates utilized by Plaintiffs' counsel in calculating the lodestar are within the range paid to attorneys of similar experience and professional focus in the Eastern District of New York. The following attorneys have billed time in connection with the litigation of this case, as set forth in Exhibit D hereto:

i. Stephen D. Hans is the shareholder and President of Stephen D. Hans & Associates, P.C., and has been in practice since 1977. His work is billed at $475.00 per hour. Mr. Hans possesses extensive experience litigating wage and hour cases on behalf of both plaintiffs and defendants during his more than four decades of practicing law. See, e.g., Manley v. Midan Rest. Inc., No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

ii. Nils C. Shillito is a senior associate at Stephen D. Hans & Associates, P.C. and is requesting an hourly rate of $375.00. Mr. Shillito has been a labor and employment practitioner for 14 years. Since being admitted to practice in 2007, Mr. Shillito has represented clients in dozens of wage and hour cases during his career. Mr. Shillito's requested hourly rate compares favorably with rates that courts have approved for associates of comparable experience levels. See, e.g.,

    Comonfort v. Servs. Mangia, 2020 U.S. Dist. LEXIS 178105, *4 (S.D.N.Y. September 28, 2020).

  iii. Paralegal work was billed at a rate of $100.00 per hour, well within a range of rates for paralegal work that courts have routinely approved. See, e.g., Cortes v. New Creators, Inc., 2016 U.S. Dist. LEXIS 79757, *19-20 (S.D.N.Y. June 20, 2016); see also Guallpa v. NY Pro Signs Inc., 2014 U.S. Dist. LEXIS 77033, *29 (S.D.N.Y. May 27, 2014).

  For the purposes of this settlement, Defendants take no position with respect to Plaintiff's counsel's request for attorneys' fees. In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, and given Plaintiff's counsel's significant experience representing clients in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result following the Parties' cooperative exchange of information and extensive negotiations. Accordingly, Plaintiff's counsel submits that the attorneys' fees component of the settlement is fair and reasonable.

## **CONCLUSION**

  In full consideration of the issues presented in both Cheeks and Wolinsky, we believe that the Parties' Agreement is fair and reasonable and that the settlement should be approved and the case dismissed with prejudice, with the Court retaining jurisdiction over the settlement for purposes of enforcement of the Agreement.

  We thank the Court for its time and attention to this matter.

            Respectfully Submitted,

            /s/Nils C. Shillito

            Nils C. Shillito (NS-6755)

cc: Sally S. Attia, Esq.
   (via email: attialaw@gmail.com)

**Attachments**